| United States Bankruptcy Court<br>Central District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**CASEY REMODELING, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **36-4484155** | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**8122 N. ODELL**<br>**CHICAGO, IL**<br>ZIP CODE **60714** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**COOK** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

Nature of Business continued:

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."     ☑ Debts are primarily business debts.

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**    THIS SPACE IS FOR COURT USE ONLY

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** _(This page must be completed and filed in every case)_ | Name of Debtor(s): **CASEY REMODELING, Inc.** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed:    **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐   Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> **X**   **Not Applicable** <br> _____ <br>    Signature of Attorney for Debtor(s)      Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | CASEY REMODELING, Inc. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X **Not Applicable** | X **Not Applicable** |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| Signature of Debtor | (Signature of Foreign Representative) |
| X **Not Applicable** | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| Signature of Joint Debtor | (Printed Name of Foreign Representative) |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | |
| Telephone Number (If not represented by attorney) | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | Date |
| Date | |

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|
| X **/S/MATTHEW M. LITVAK** | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| Signature of Attorney for Debtor(s) | |
| **MATTHEW M. LITVAK, ESQ.  Bar No.  6208529** | |
| Printed Name of Attorney for Debtor(s) / Bar No. | |
| **LAW OFFICE OF MATTHEW M. LITVAK** | |
| Firm Name | |
| **155 N. HARBOR DRIVE #4301** | |
| | **Not Applicable** |
| Address | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| **CHICAGO, IL 60601** | Printed Name and title, if any, of Bankruptcy Petition Preparer |
| **312-337-8131**                    **888-560-8011** | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| Telephone Number | Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **4/27/2010** | |
| Date | |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| | Address |

| Signature of Debtor (Corporation/Partnership) | X **Not Applicable** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ |
| | Date |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| X **s/ ALICJA MANIEWSKI** | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| Signature of Authorized Individual | |
| **ALICJA MANIEWSKI** | If more than one person prepared this document, attach to the appropriate official form for each person. |
| Printed Name of Authorized Individual | |
| **PRESIDENT - OWNER** | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| Title of Authorized Individual | |
| **4/27/2010** | |
| Date | |

## United States Bankruptcy Court

### Central District of Illinois

In re:                                                          Case No. _____

                                                               Chapter      **7**

      **CASEY REMODELING, Inc.**


# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

    I, **ALICJA MANIEWSKI**, declare under penalty of perjury that I am the  of **CASEY REMODELING, Inc.,** a   Corporation and that on the following resolution was duly adopted by the  of this Corporation:


    "Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

    Be It Therefore Resolved, that **ALICJA MANIEWSKI**, **PRESIDENT - OWNER** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case on behalf of the Corporation; and

    Be It Further Resolved, that **ALICJA MANIEWSKI**, **PRESIDENT - OWNER** of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and


    Be It Further Resolved, that **ALICJA MANIEWSKI**, **PRESIDENT - OWNER** of this Corporation, is authorized and directed to employ **MATTHEW M. LITVAK, ESQ.**, attorney and the law firm of **LAW OFFICE OF MATTHEW M. LITVAK** to represent the Corporation in such bankruptcy case."


Executed on:   **4/27/2010**_____          Signed:    **s/ ALICJA MANIEWSKI**_____
                                                               **ALICJA MANIEWSKI**

B6A (Official Form 6A) (12/07)

In re:  **CASEY REMODELING, Inc.**                                          Case No. _____
                          Debtor                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | $     0.00 | $     0.00 |

|  |  |  |
|---|---|---|
| **Total** ➢ | $     0.00 | |

(Report also on Summary of Schedules.)

**B6D (Official Form 6D) (12/07)**

In re  __CASEY REMODELING, Inc._____ .          Case No. _____
                           **Debtor**                                                      **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | | |
| | | | **VALUE** _____ | | | | | |

0   continuation sheets
attached

Subtotal  ➢
(Total of this page)

Total  ➢
(Use only on last page)

| | |
|---|---|
| $        0.00 | $        0.00 |
| $        0.00 | $        0.00 |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re  **CASEY REMODELING, Inc.** _____     Case No. _____
                              Debtor                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❏   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❏   **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❏   **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☑   **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❏   **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❏   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❏   **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❏   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❏   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❏   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**2**  **continuation sheets attached**

B6E (Official Form 6E) (12/07) – Cont.

In re **CASEY REMODELING, Inc.** _____,   Case No. _____
                                                                          (If known)
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Type of Priority:  Wages, Salaries, and Commissions**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **09-5574**<br>**ANDRZEJ GLUSZAK**<br>**c/o STATE OF IL. DEPT. OF LABOR**<br>**160 N. LASALLE ST.**<br>**SUITE C-1300**<br>**CHICAGO, IL 60601** | | | **CLAIM FOR UNPAID WAGES.**<br><br>**DUPLICATE LISTING FOR PURPOSES OF NOTICE.** | | X | | **0.00** | **0.00** | **$0.00** |
| ACCOUNT NO.   **09005574**<br>**ANDRZEJ GLUSZAK**<br>**18 E OLD WILLOW RD**<br>**APT 108N**<br>**PROSPECT HTS., IL 60070** | | | **10/23/2009**<br>**CLAIM FOR UNPAID WAGES.** | | X | | **1,957.00** | **1,957.00** | **$0.00** |
| ACCOUNT NO.   **09-005373**<br>**ARTUR WASILEWSKI**<br>**818 E. OLD WILLOW RD**<br>**APT. 107**<br>**PROSPECT HTS., IL 60070** | | | **CLAIM FOR UNPAID WAGES.**<br><br>**DUPLICATE LISTING FOR PURPOSES OF NOTICE.** | | X | | **0.00** | **0.00** | **$0.00** |
| ACCOUNT NO.   **09-005573**<br>**ARTUR WASILEWSKI**<br>**c/o STATE OF IL DEPT. OF LABOR**<br>**160 N. LASALLE ST.**<br>**SUITE C-1300** | | | **CLAIM FOR UNPAID WAGES.** | | | | **2,771.00** | **2,771.00** | **$0.00** |
| ACCOUNT NO.<br>**DAWID LYGAN**<br>**6559 W. GEORGE ST.**<br>**APT 517**<br>**CHICAGO, IL 60634** | | | **CLAIM FOR UNPAID WAGES.**<br><br>**DUPLICATE LISTING FOR PURPOSES OF NOTICE.** | | X | | **0.00** | **0.00** | **$0.00** |

Sheet no.  1  of  2  continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals ▸<br>(Totals of this page) | **$   4,728.00** | **$   4,728.00** | **$        0.00** |
| Total   ▸<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total   ▸<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ | $ |

**B6E (Official Form 6E) (12/07) – Cont.**

In re  **CASEY REMODELING, Inc.** _____    Case No. _____

Debtor                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Wages, Salaries, and Commissions

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **10-000243**<br>**DAWID LYGAN**<br>**c/o STATE OF IL DEPT. OF LABOR**<br>**160 N. LASALLE ST.**<br>**SUITE C-1300**<br>**CHICAGO, IL 60601-3150** | | | **CLAIM FOR UNPAID WAGES** | | | | **4,000.00** | **4,000.00** | **$0.00** |
| ACCOUNT NO.  **09-005828**<br>**MATEUSZ BUJAK**<br>**c/o STATE OF IL DEPT. OF LABOR**<br>**160 N. LASALLE ST.**<br>**SUITE C-1300**<br>**CHICAGO, IL 60601** | | | **CLAIM FOR UNPAID WAGES.** | | | | **4,815.00** | **4,815.00** | **$0.00** |

Sheet no.  2  of  2  continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals ➤<br>(Totals of this page) | $   **8,815.00** | $   **8,815.00** | $   **0.00** |
| Total  ➤<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $   **13,543.00** | | |
| Total  ➤<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $   **13,543.00** | $   **0.00** |

B6F (Official Form 6F) (12/07)

In re  **CASEY REMODELING, Inc.** _____     Case No. _____
                                    Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **DO1339** <br><br> **BELL STONE AND TILE** <br> **1439 W. HUBBARD ST.** <br> **CHICAGO, IL 60622** | | | **BUILDING MATERIALS SOLD TO DEBTOR'S CUSTOMERS IN THE ORDINARY COURSE OF BUSINESS.** | | X | | 2,459.45 |
| ACCOUNT NO.  **D01339** <br><br> **BELSTONE CHICAGO** <br> **UNIVERSITY MGMT  ASSOC. & CNSLTNTS** <br> **POB 913** <br> **HACKETTSTOWN, NJ 07840-0913** | | | **DUPLICATE ENTRY FOR PURPOSES OF NOTICE.** | | X | | 0.00 |
| ACCOUNT NO.  **GL3390949-00** <br><br> **COLONY INSURANCE COMPANY** <br> **c/o HANDZEL & ASSOCIATES** <br> **3225 N. CENTRAL AVE.** <br> **CHICAGO, IL 60634** | | | **INSURANCE CONTRACT** | | X | | 0.00 |
| ACCOUNT NO.  **WC-12-12-004041-00** <br><br> **CONTINENTAL WESTERN INSURANCE CO.** <br> **c/o BERKELY RISK ADMINISTRATORS CO** <br> **POB 59143** <br> **MINNEAPOLIS, MN 55459-0143** | | | **INSURANCE PREMIUM** | | X | | 4,357.00 |
| ACCOUNT NO. <br><br> **EXCLUSIVE STONE** <br> **c/o ALLISON, SLUTSKY & KENNEDY, P.C** <br> **230 W. MONROE STREET** <br> **SUITE 2600** <br> **CHICAGO, IL 60606** | X | | **BUILDING MATERIALS SOLD TO DEBTOR'S CUSTOMERS IN THE ORDINARY COURSE OF BUSINESS.** | | X | | 7,000.00 |

2   Continuation sheets attached

Subtotal ➤ $                    13,816.45

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6F (Official Form 6F) (12/07) - Cont.**

In re  **CASEY REMODELING, Inc.** _____         Case No. _____
                                    Debtor                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.     **09 M1 207984**<br>**HARRIS BANK N.A.**<br>**c/o KAMM SHAPIRO & DEMUTH**<br>**17 N STATE ST.**<br>**SUITE 990**<br>**CHICAGO, IL 60602** | X | | **LOAN PROCEEDS USED TO OPERATE BUSINESS** | | | | 9,919.75 |
| ACCOUNT NO.<br>**JONAS PRICE LCC**<br>**3205 N. WESTERN AVE**<br>**SUITE 200**<br>**CHICAGO, IL 60618** | | | **LEGAL SERVICES** | | X | | 0.00 |
| ACCOUNT NO.     **09 L 015675**<br>**JP MORGAN CHASE BANK**<br>**c/o DOUGLAS R JOHNSON PC LAW**<br>**321 N CLARK ST  SUITE 4800**<br>**CHICAGO, IL 60654** | X | | **LOAN PROCEEDS USE TO OPERATE BUSINESS** | | X | | 49,301.00 |
| ACCOUNT NO.  **12-10804-07166-730466**<br>**NATIONAL COUNCIL ON COMPENSATION IN**<br>**901 PENINSULA CORPORATE CIRCLE**<br>**BOCA RATON, FL 33487** | | | **INSURANCE CONTRACT** | | X | | 0.00 |
| ACCOUNT NO.     **09 M1 141448**<br>**P.J.A. ASSOCIATES, P.C. a corporation**<br>**c/o TELLER LEVIT & SILVERTRUST, PC**<br>**11 EAST ADAMS**<br>**SUITE 800**<br>**CHICAGO, IL 60603** | | | **ACCOUNTING SERVICES** | | X | | 0.00 |

Sheet no.  1 of 2 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $ | 59,220.75

Total  ➤  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **CASEY REMODELING, Inc.**                              Case No. _____
                        Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **83790**<br><br>**PELLA WINDOWS AND DOORS**<br>**3369 COLLECTION CENTER DRIVE**<br>**CHICAGO, IL 60693** | | | **BUILDING MATERIALS SOLD TO DEBTOR'S CUSTOMERS IN THE ORDINARY COURSE OF BUSINESS.** | | X | | 3,937.00 |
| ACCOUNT NO.   **10 CH 2992**<br><br>**PEOPLE OF THE STATE OF ILLINOS**<br>**ATTN: JOSEPH HUDSON**<br>**69 W. WASHINGTON**<br>**SUITE 3130**<br>**CHICAGO, IL 60602** | X | | **CLAIM BY THE STATE OF ILLINOS** | | X | | 50,000.00 |
| ACCOUNT NO.   **COIL008706**<br><br>**ROCKFORD MUTUAL INSURANCE**<br>**POB 5626**<br>**ROCKFORD, IL 61125** | | | **INSURANCE CONTRACT** | | X | | 0.00 |
| ACCOUNT NO.<br><br>**TOP GLASS & MIRRORS INC**<br>**3437 N. ORIOLE AVE**<br>**CHICAGO, IL 60634** | | | **BUILDING MATERIALS SOLD TO DEBTOR'S CUSTOMERS IN THE ORDINARY COURSE OF BUSINESS.** | | X | | 6,733.00 |
| ACCOUNT NO.   **GL3390949-00**<br><br>**TRAVELERS INSURANCE**<br>**c/o HANDZEL AND ASSOCIATES**<br>**3225 N. CENTRAL AVE.**<br>**CHICAGO, IL 60634** | | | **INSURANCE CONTRACT** | | X | | 0.00 |

Sheet no.  2 of 2 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  >  $         **60,670.00**

Total  >  $        **133,707.20**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6G (Official Form 6G) (12/07)**

In re:  **CASEY REMODELING, Inc.**                                    Case No. _____
                          **Debtor**                                                              **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H (Official Form 6H) (12/07)

In re: **CASEY REMODELING, Inc.** _____ . Case No. _____
_____Debtor_____ (If known)

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **ALICJA MANIEWSKI**<br>**8144 N. ODELL AVE.**<br>**NILES, IL 60174**<br><br>**ALICJA MANIEWSKI**<br>**8144 N. ODELL AVE.**<br>**NILES, IL 60174** | **EXCLUSIVE STONE**<br>**c/o ALLISON, SLUTSKY & KENNEDY, P.C**<br>**230 W. MONROE STREET**<br>**SUITE 2600**<br>**CHICAGO, IL 60606** |
| **ALICIA MANIEWSKI**<br>**8122 N. ODELL AVE**<br>**NILES, IL 60714**<br><br>**ALICIA MANIEWSKI**<br><br>**ALICIA MANIEWSKI** | **HARRIS BANK N.A.**<br>**c/o KAMM SHAPIRO & DEMUTH**<br>**17 N STATE ST.**<br>**SUITE 990**<br>**CHICAGO, IL 60602** |
| **ALICJA MANIEWSKI**<br>**8122 N. ODELL AVE**<br>**NILES, IL 60714**<br><br>**ALICJA MANIEWSKI**<br>**8122 N. ODELL AVE**<br>**NILES, IL 60714** | **JP MORGAN CHASE BANK**<br>**c/o DOUGLAS R JOHNSON PC LAW**<br>**321 N CLARK ST  SUITE 4800**<br>**CHICAGO, IL 60654** |
| **KAZIMIEREZ MANIEWSKI**<br>**8122 N. ODELL**<br>**NILES, IL 60714** | **PEOPLE OF THE STATE OF ILLINOS**<br>**ATTN: JOSEPH HUDSON**<br>**69 W. WASHINGTON**<br>**SUITE 3130**<br>**CHICAGO, IL 60602** |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Central District of Illinois

In re **CASEY REMODELING, Inc.** _____,     Case No. _____
                                        Debtor

                                        Chapter   7 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I,
and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from
Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities
and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $          0.00 | | |
| B - Personal Property | YES | 0 | $          0.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $          0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $     13,543.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $    133,707.20 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| TOTAL | | 10 | $          0.00 | $    147,250.20 | |

**Form 6 - Statistical Summary (12/07)**

# United States Bankruptcy Court
## Central District of Illinois

In re  **CASEY REMODELING, Inc.**  _____,   Case No.  _____

Debtor   Chapter   **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 0.00 |
| Average Expenses (from Schedule J, Line 18) | $ 0.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 13,543.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $126,707.20 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $126,707.20 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **CASEY REMODELING, Inc.**                                    Case No.  _____
                          Debtor                                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT  APPLICABLE)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I **ALICJA MANIEWSKI**, the **PRESIDENT - OWNER** of the **Corporation** named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____**11**_____ sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  __**4/27/2010**_____          Signature:  **s/ ALICJA MANIEWSKI**_____
                                                          **ALICJA MANIEWSKI PRESIDENT - OWNER**_____
                                                          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

## United States Bankruptcy Court
## Central District of Illinois

In re:   **CASEY REMODELING, Inc.**                                    Case No.

# List of Equity Security Holders

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOWN ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
|  |  |  |  |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, **ALICJA MANIEWSKI**, **PRESIDENT - OWNER** of the Corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date:   <u>4/27/2010</u>                          **s/ ALICJA MANIEWSKI**

                                                 **ALICJA MANIEWSKI ,PRESIDENT - OWNER**

                                                 Debtor

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form B1, Exhibit C
(9/01)

# UNITED STATES BANKRUPTCY COURT
## Central District of Illinois

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:                                                                    Case No.:

**CASEY REMODELING, Inc.**                              Chapter:    **7**
                    Debtor(s)

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**
_____
_____
_____
_____

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**
_____
_____
_____
_____

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Central District of Illinois

In re:    **CASEY REMODELING, Inc.**                                     Case No. _____

                                                                          Chapter    **7**   _____

                    Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | 750.00 |
| Prior to the filing of this statement I have received | $ | 750.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☐ Debtor         ☒ Other (specify)       **KAZIMIEREZ MANIEWSKI
                                             8122  N. ODELL
                                             NILES, IL 60172**

3. The source of compensation to be paid to me is:

   ☐ Debtor         ☐ Other (specify)

4. ☒   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
       of my law firm.

   ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
       my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
       attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
        a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

        **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **4/27/2010**   _____

                                        **/S/MATTHEW M. LITVAK** _____
                                        **MATTHEW M. LITVAK, ESQ., Bar No.  6208529**

                                        **LAW OFFICE OF MATTHEW M. LITVAK**
                                        Attorney for Debtor(s)

## United States Bankruptcy Court
## Central District of Illinois

In re  **CASEY REMODELING, Inc.**                    Case No.

Debtor.                                              Chapter    **7**


# STATEMENT OF CORPORATE OWNERSHIP

Comes now **CASEY REMODELING, Inc.** (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:


___**X**___   All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

| Owner | % of Shares Owned |
|---|---|
| **ALICJA MANIEWSKI**<br>**8122 N. ODELL**<br>**NILES, IL 60714** | **100** |

OR,

_____ There are no entities to report.


By **/S/MATTHEW M. LITVAK**
**MATTHEW M. LITVAK, ESQ.**
Signature of Attorney

Counsel for      **CASEY REMODELING, Inc.**

Bar no.:      **6208529**

Address.:     **LAW OFFICE OF MATTHEW M. LITVAK**
              **155 N. HARBOR DRIVE**
              **#4301**
              **CHICAGO, IL 60601**

Telephone No.: **312-337-8131**
Fax No.:      **888-560-8011**
E-mail address: **LITVAKMATT@CS.COM**